IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-6-BO

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR. and (a minor) J.F.D., Suing by, her and next friend, <br><br> Plaintiffs, <br><br> v. <br><br> JUDGE MONICA BOUSMAN, Individually and as a Juvenile State Court Judge North Carolina, Wake County; et al., <br><br> Defendants. | **ORDER** |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates [DE 13]. For the following reasons, the Court ADOPTS the M&R. The matter is DISMISSED.

## BACKGROUND

The present action is one in a litany of cases that Davis (who is clearly the principal, if not only, actor behind this litigation) has attempted to bring in this and other courts in his pursuit of a confusing and expansive array of claims arising out of proceedings in the state of North Carolina involving plaintiff's custodial rights to his daughter and other related domestic matters. The disorganized and sometime incoherent manner in which Davis has attempted to present his claims in these actions, often through voluminous and repetitive filings, makes them, at best, difficult to comprehend. A previous order by Senior United States District Judge James C. Fox dismissing one of Davis's actions as frivolous sets forth an apt summary of the seemingly boundless scope of the alleged transgressions against Davis:

> As best the court can tell, most of [Davis's] "claims" are oriented around what he alleges is a grand conspiracy involving the coordinated efforts of dozens, if not hundreds, of public and private persons to deny him his custodial rights to his daughter, convict him of fabricated criminal charges, perpetrate extensive fraud on the state courts of North Carolina, and otherwise destroy his life and violate his rights under federal law. [Davis] appears to believe that this conspiracy is primarily motivated by the defendants' discriminatory animus against him for, *inter alia*, his gender, his race, his interracial marriage, and his interracial child.

11 June 2012 Order [DE 10] at 10-11, *Davis v. State of N.C.*, No. 5-11-CT-3258-F (E.D.N.C.).

As a result of Davis's incessant attempts to raise the same frivolous claims in this Court, Judge Fox entered a pre-filing injunction on March 3, 2014. 3 March Order [DE 54], *Davis v. Mitchel*, No. 5:12-CV-493-F (E.D.N.C.). In that order, Judge Fox noted that Davis has filed a total of nine cases in this Court and that five additional cases had been transferred to this Court from the Eastern District of Virginia, and, further that "[a]lmost all of the actions have been summarily dismissed or remanded." *Id.* at 2–3. The Eastern District of Virginia has also issued a pre-filing injunction against Davis. 14 Nov. 2013 Order [DE 11], *Davis v. Jaworski, et al.*, No. 4:13-CV-63 (E.D. Va.).

As defendant is proceeding *in forma pauperis*, Magistrate Judge Gates reviewed this matter for frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B), and recommended that the case be dismissed as both frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, Magistrate Judge Gates recommended that the matter is alternatively subject to dismissal as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## DISCUSSION

A district court is required to review an M&R de novo if the defendant specifically objects to it or in cases of clear error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a de novo determination of those specific

findings to which the defendant has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Here, the plaintiff has filed a lengthy, rambling objection to the Magistrate Judge's recommendation. [DE 20; 21]. The plaintiff later refiled the same document with a title that clearly shows he has been submitting the same generalized objections to Magistrate Judge Gates's M&Rs in multiple cases. [DE 25 at 1]. Plaintiff's objection to the M&R spends the majority of its 26 pages discussing jurisdiction and remand, neither of which apply in this instance. Plaintiff only bothers to spend a few pages of this lengthy objection on the issues on which Magistrate Judge Gates recommends dismissal. Plaintiff objects that his complaints in this Court are not malicious or redundant and were never filed in bad faith. [DE 20 at 18]. He argues that the Court is biased and prejudiced against him and is "cherry picking" reasons to dismiss all of his claims. [*Id.*]. After these brief, unsupported statements, plaintiff returns to arguments as to removal and subject matter jurisdiction. [*See* DE 20 at 18–19]. He then states the law requiring frivolity review and restates, several times, the federal pleading standards. [DE 20 at 20–21]. He then rambles on to other, irrelevant points of law. [DE 20 at 21–22]. Plaintiff concludes by stating that objects to "[A]ll [sic] of the findings, recommendations, and memorandums in [A]ll [sic] the Orders, Memorandums, and Recommendations of Honorable Magistrate Judge James Gates" and states that he wishes to have oral arguments via speakerphone. [DE 20 at 25–26]. Finally, he "gives notice of objection to all mater [sic] in the Order and M&R as to [several cases in the Eastern District of North Carolina]". [DE 20 at 26].

Plaintiff offers no cognizable arguments in objection to the M&R, instead he offers only unsupported statements. The M&R also recommends the dismissal as prematurely filed and moot of several motions plaintiff filed before plaintiff was granted leaved to proceed with this action without prepayment of the filing fee. Plaintiff fails to even mention this finding. Finding no

3
Case 5:14-cv-00006-BO   Document 29   Filed 03/10/14   Page 3 of 5

objections to the specific findings of the M&R, this Court considers whether the M&R is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court finds no clear error in the Magistrate Judge's decision, and therefore adopts the M&R. This action is dismissed and pending motions [DE 4, 5, 7, 8, 9] are dismissed as prematurely filed and moot.

After the M&R was entered, but before this order was written, plaintiff filed several additional motions in this action. [DE 19, 22, 24, 23, 25, 26, 27]. DE 19 is a motion for an extension of time to file a response to the M&R. This motion is denied as moot. DE 22 is a motion pursuant to FED. R. CIV. P. 58 which argues that plaintiff should have been given time to amend his complaint before it was dismissed for failure to state a claim. This motion is dismissed as prematurely filed and moot as his case is not dismissed until this order is entered. DE 24 moves for the recusal of Magistrate Judge Gates. As plaintiff's complaint is being dismissed here, Magistrate Judge Gates is no longer a part of it, and therefore, DE 24 is denied as moot. DE 23, 25, 26, and 27 all purport to appeal the M&R to the Fourth Circuit. The Court has interpreted them as appeals of the M&R to the District Court as is proper. However, the Court has considered and affirmed the M&R, and therefore these motions are denied as moot.

On March 3, 2014, Judge Fox entered a pre-filing injunction against Mr. Davis. *Davis v. Mitchel*, No. 5:12-CV-493-F (E.D.N.C.). Although it does not apply to this complaint, it will apply to any future filings submitted by Mr. Davis. Mr. Davis may submit a notice of appeal of this order.

4

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's recommendations, and DISMISSES this action. All pending motions are dismissed or denied as delineated above and are to be terminated by the Clerk. The Clerk is directed to enter judgment accordingly and close the file.

SO ORDERED,

this __10__ day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE